CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 18 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE
UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION
JUNE 2009 SESSION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 4:09cr28 |
| | ) | |
| v | ) | **INDICTMENT** |
| | ) | |
| GUSTAVO CARDENAS, and | ) | **In Violation of:** |
| MATEO GONZALES CARILLO | ) | |
| | | Title 21, U.S.C., §846 |
| | | Title 21, U.S.C., §841(a)(1) |

### COUNT ONE

The Grand Jury charges:

1. That from a time unknown to the grand jury until on or about June 7, 2009, in the Western Judicial District of Virginia, the defendants, GUSTAVO CARDENAS and MATEO GONZALES CARILLO, knowingly and willfully combined, conspired, confederated and agreed, with persons known and unknown to the Grand Jury, to violate the narcotics laws of the United States, to wit to distribute and possess with intent to distribute more than 500 grams of a mixture or substance containing cocaine powder, a Schedule II narcotic controlled substance in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B)

2. All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The Grand Jury charges:

1. That on or about June 7, 2009, in the Western Judicial District of Virginia, the defendant, GUSTAVO CARDENAS, knowingly and willfully possessed more than 500 grams of a mixture or substance containing cocaine powder, a Schedule II narcotic controlled substance, with the intent to distribute.

2. In violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## FORFEITURE ALLEGATION

1. Upon conviction of one or more of the felony offenses alleged in this Indictment the defendants shall forfeit to the United States pursuant to 21 U.S.C. § 853:

(a) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to Title 21 United States Code, Section 853(a)(1).

(b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to Title 21 United States Code, Section 853(a)(2).

(c) any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in Title 21 United States Code, Sections 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to Title 21 U.S.C. Section 881(a)(11) and Title 28 United States Code., Section 2461(c).

2. The property to be forfeited to the United States **includes but is not limited to** the following property:

(a) **Firearms /Ammunition**

   (1) One Ruger 9mm pistol, Serial #309-81094
   (2) All ammunition recovered for this weapon.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with a third person;
(c) has been placed beyond the jurisdiction of the Court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of the defendant up to the value of the above-described forfeitable property.

A TRUE BILL this 18th day of June, 2009.

_____
FOREPERSON

_____
JULIA C. DUDLEY
UNITED STATES ATTORNEY

-3-

Case 1:11-cr-00262-TDS   Document 1-1   Filed 08/05/11   Page 3 of 3